## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

CHARLES A. VERRY,                         )
                                          )
      Plaintiff,                       )
                                          )
vs.                                       )   Case No. CIV-05-1492-F
                                          )
BARBARA K. BURATTI,                       )
                                          )
      Defendant.                       )

## <u>ORDER</u>

Defendant Barbara K. Buratti's "Motion to Dismiss or For Summary Judgment," filed March 10, 2006, is before the court.  (Doc. no. 5.)  Plaintiff Charles A. Verry has responded, and the motion is ready for determination.[1]  Plaintiff appears pro se, and his pleadings are liberally construed.

As a preliminary matter, the court has a duty to inquire into its jurisdiction. Although it is not always easy to make out the gist of plaintiff's Complaint, it appears that Mr. Verry's primary grievance in this action is that state and federal statutory rules of procedure were violated by Ms. Buratti's "intervention" in two actions which were previously pending in Oklahoma state court.  For example, Mr. Verry alleges that Ms. Buratti's  "interventions in violation of the statutes and rules[2] in Appeal 97029, and in CJ-2003-251, deprived plaintiff of right to compensation, for all his

---

[1]Mr. Verry submitted the original, but failed to submit a copy, of his response.  The court's Electronic Case Filing Policies and Procedures Manual requires pro se litigants to submit originals and one copy of all complaints, pleadings, motions, affidavits, briefs, and other documents.  ECF P&P Manual, III. B.  The court gives notice that failure to abide by this rule may result in future filings being stricken.

[2]These statutes and rules are identified in Mr. Verry's Complaint as "12 O.S. Supp. 1984, 2011 and FRCP 11"; and 12 O.S. Supp. 1984, 2024 and FRCP 24(a)(b) and (c)."  (Complaint, ¶ 1).

illegally seized and un-returned property."  (Complaint, ¶ 2, p. 1.)  The question of whether purported violations of federal rules of civil procedure occurring during the course of state court proceedings, results in any federally actionable deprivation of property is a frivolous legal question.  However frivolous, the court finds that it is a federal question within the meaning of 28 U.S.C. § 1331.  Accordingly, the court finds and concludes that it has jurisdiction over this action.

Because the court considers matters outside the record, it takes up Ms. Buratti's motion as one for summary judgment under Fed. R. Civ. P. 56 rather than as a motion to dismiss under Rule 12(b)(6).  (The court does not *convert* the motion to dismiss to a motion for summary judgment, because defendant *moved* for summary judgment as an alternative to dismissal.)  Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).  All reasonable inferences to be drawn from the undisputed facts are to be determined in a light most favorable to the non-movant.  United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996).  Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial.  Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

Mr. Verry's Complaint appears to allege that defendant Barbara K. Buratti improperly "intervened" in state court actions, in violation of state and federal rules of civil procedure.  The court finds that the attachments to defendant Buratti's motion establish that the cases identified in Mr. Verry's  Complaint are state court cases. Accordingly, the Federal Rules of Civil Procedure have no application in those actions.  The result is that to the extent Mr. Verry seeks relief for violation of federal rules in state court proceedings, the complaint has no merit.  The court also finds that the attachments to Ms. Buratti's motion establish that she did not "intervene" in the referenced state court matters; rather, Ms. Buratti was an attorney of record in those actions.  Thus, the court finds that there is no merit to any of Mr. Verry's complaints, whether they raise state or federal issues, because his allegations are not actionable. Accordingly, Ms. Buratti is entitled to summary judgment in her favor.

Defendant Buratti also argues that she is entitled to summary judgment because the instant action is barred by claim preclusion (res judicata).  The Complaint is premised upon two state court matters which the record evidence shows Mr. Verry lost in the state courts.[3]  The record evidence further establishes that Ms. Buratti represented the defendants in state court matter CJ-2003-251 and in Appeal No 97029. As counsel for the defendants in those matters, Ms. Buratti was in privity with the parties she represented and any claims which arise from the same transactions as were alleged in those matters are now barred by claim preclusion. Plymire v. Cahill, 243 F.3d 549 (9th Cir. 2000) (attorneys are in privity with their clients during prior state court proceedings so claims against them were barred by Alaska's res judicata)

---

[3]*See*, *e.g.*, CJ-2003-251, docket entry of May 14, 2004, District Court of Canadian County, Oklahoma, summarizing history of three cases involving the plaintiff and the City of El Reno and its municipal police officers, stating action was frivolous based on the Court of Appeals ruling in the accompanying case, noting previous rulings including rulings by the appellate courts in this matter, and granting attorneys' fees to prevailing defendants. (Attachment 1, vol.2, moving brief, OSCN case report at p. 7 of 8.)

(unpublished).   Moreover, Mr. Verry's allegation that Ms. Buratti improperly "intervened" in the state court matters is a procedural issue which could have been taken up with the state courts which adjudicated those matters.   Furthermore, Mr. Verry appears to seek damages to compensate him for attorneys' fees assessed against him in the state court matters.   This is also an issue which should have been resolved by the state courts which awarded the fees in question.   For all of these reasons, the court agrees with Ms. Buratti that the final adjudication of the state court matters referenced in the Complaint precludes the claims which Mr. Verry now alleges in the instant action.[4]

### Conclusion

After careful consideration of the parties' submissions, the record, and the relevant arguments and authorities, and construing plaintiff's pleadings liberally, the court finds and concludes that defendant Barbara K. Buratti is entitled to summary judgment in her favor in this action.   Fed. R. Civ. P., Rule 56.

Dated this 21st day of March, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

05-1492p001(pub).wpd

---

[4]It is unnecessary to address Ms. Buratti's issue preclusion (collateral estoppel) argument, which is based on the undersigned's prior ruling in CIV-05-1121-F, and this Order does not reach that argument.